STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KEVIN YEH (CABN 314079)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    Email: kevin.yeh@usdoj.gov

*Attorneys for United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-CR-13 CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: March 1, 2023 |
| MARC NUNEZ, | Time:        10:00 a.m. |
| | Courtroom:  No. 6, 17th Floor |
| Defendant. | Judge:     Hon. Charles R. Breyer |

## INTRODUCTION

Marc Nunez has pleaded guilty via plea agreement to one count of possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). In total, he possessed at least 5 videos and 22 images of minors engaged in sexually explicit conduct saved across three electronic devices.

For the reasons set forth in this memorandum, and considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Nunez to a term of imprisonment of 37 months; 15 years of supervised release; a fine of $15,000; restitution to be determined at a later date; forfeiture; and special assessments totaling $5,100.

//

**DISCUSSION**

**I.     Factual Background**

In approximately 2019, as part of a larger child-exploitation investigation, federal agents discovered evidence that Marc Nunez may have possessed child pornography. In particular, agents found a conversation between Nunez and Individual 1 (who was a target of the larger investigation) on July 31, 2019, as follows:

>   Nunez: Send yours ;)
>
>   Individual 1: [Sent a video file that depicted an age difficult male being anally sodomized by an adult male. The video only depicted the torso down of the male and primarily focused on the sodomy. The video was approximately 38 seconds long.]
>
>   Individual 1: [Sent a video file that depicted an age difficult male that Individual 1 identified as Minor Victim 12 (V12). The video lasted approximately one minute and 12 seconds and depicted V12 lying on a bed being sodomized by Individual 1.]
>
>   Nunez: That the 15yr?
>
>   Individual 1: Ya
>
>   Individual 1: Oh no that's a 16yr old
>
>   Nunez: I'll look in a bit ;)
>
>   Nunez: Oh okay still hot lol
>
>   Nunez: Lucky you

Presentence Report ¶ 6–9. During interviews with agents, Individual 1 confirmed that the above-referenced video depicted himself anally sodomizing a minor victim and that he sent the video to Nunez. *Id.* ¶ 12.

On June 18, 2020, federal agents executed search warrants on Nunez's residence, person, and vehicle. *Id.* ¶ 15. During the search-warrant execution, agents seized a number of electronic devices, which were later forensically examined. In sum, agents have determined that Nunez possessed at least 5 videos and 22 images of minors engaged in sexually explicit conduct saved across three devices—two iPhones and a laptop. *See id.* ¶¶ 23–24, 29; Plea Agreement ¶ 2.

**II.    Procedural History**

On December 1, 2020, the United States filed a complaint against Nunez, charging him with

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Nunez waived indictment (ECF 19) and on January 11, 2021, the United States Attorney filed a one-count Information based on the same charge.

On April 20, 2021, Nunez filed a motion to suppress, which the Court denied on July 19, 2021.

On July 15, 2022, Nunez pleaded guilty to Count One of the Information. Sentencing is currently set for March 1, 2023.

**III.      Sentencing Guidelines Calculation**

The government agrees with the Guidelines calculation in the Presentence Report: Nunez's total offense level is 21 and his criminal history category is I. The offense-level calculation is as follows:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2G2.2(a)(1): | 18 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2: | |
| | § 2G2.2(b)(6) (use of a computer or an interactive computer service) | +2 |
| | § 2G2.2(b)(7) (300–599 images: 5 videos (or 75 images each per § 2G2.2 Appl. Note 6(B)(ii)) and 22 images, i.e., 397 total images) | +4 |
| c. | Acceptance of Responsibility: | -3 |
| d. | Adjusted Offense Level: | 21 |

Offense Level 21 at CHC I yields a Guidelines range of 37 to 46 months.

Nunez may argue that one of the videos included in the government's calculation is a duplicate of another video and thus should not be counted separately in determining the specific offense characteristic under U.S.S.G. §2G2.2(b)(7) for number of images. *See* PSR ¶ 23(1)(a). That argument should be rejected and both videos should be independently counted. The fact that at least one of the videos may be a duplicate does not matter for sentencing purposes because, as every federal court of appeals that has addressed the issue has held, duplicates count equally as independent images or videos. *See United States v. Price*, 711 F.3d 455, 459 (4th Cir. 2013) ("[W]hen viewing the plain language of Section 2G2.2(b)(7) in conjunction with its legislative history, we find that the district court did not err by counting each image in each email separately when applying the Section 2G2.2(b)(7) enhancement."); *United States v. McNerney*, 636 F.3d 772, 780 (6th Cir. 2011) ("We therefore find that

duplicate digital images, like duplicate hard copy images, should be counted separately for purposes of calculating a sentence enhancement pursuant to § 2G2.2(b)(7)."); *United States v. Sampson*, 606 F.3d 505, 510 (8th Cir. 2010) ("We conclude that § 2G2.2(b)(7) means what a plain reading of its application note indicates: "*Each* video" and "*[e]ach* photograph" which a defendant distributes is to be counted under § 2G2.2(b)(7), regardless of whether or not it is a duplicate."). The government respectfully submits that the Court should follow the unanimous weight of authority on this issue.

Nunez has also objected that the age of an individual in one of the videos cannot be determined. *See* PSR Addendum ¶¶ 6–7. The government agrees with Probation that Nunez's objection should be overruled. There is sufficient evidence to demonstrate by a preponderance that the individual in the video is a minor. The case agent has determined based on her experience investigating child-exploitation cases that the individual depicted is approximately 10 to 15 years old. Furthermore, the Probation Officer and a Supervisory Probation Officer reviewed the video and determined that "the individual in the video is of a child, approximately eight to twelve years old, based on the individual's body size, hand and finger size, and the fact that no hair was visible in or around the anus, including the individual's buttocks." *Id.* Nunez has not presented any evidence to the contrary. Because the preponderance of the evidence indicates that the individual depicted in the video at issue is a minor, the government respectfully requests that the Court affirm Probation's factual determination.

**IV.   Applicable Law**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Sentencing Guidelines. *See id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the

    offense, to promote respect for the law, and to provide just punishment for the offense;

    (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (5) the need to provide restitution to any victims of the offense.

## V. Recommended Sentence and Section 3553(a) Factors

### A. Probation's Recommendation

Probation has recommended that Nunez be sentenced to a term of imprisonment of 46 months; supervised release of 15 years; waiver of any fine based on inability to pay; restitution to be determined at a later time; forfeiture; and a $5,100 special assessment.

### B. Government's Recommended Term of Imprisonment

The government respectfully submits that a sentence at of 37 months is sufficient, but not greater than necessary, to vindicate the considerations behind § 3553(a).  Here, a sentence of 37 months appropriately balances the § 3553(a) factors, recognizing the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, as well as taking into account the history and characteristics of the defendant, as noted in the Presentence Investigation Report.

Based upon a consideration of the Sentencing Guidelines, all of the circumstances of this case, and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Nunez to a term of imprisonment of 37 months.

### C. Government's Recommended Fine

The government respectfully submits that a fine is appropriate in this case and disagrees with Probation's determination that Nunez cannot afford a fine.  *See* PSR Addendum ¶ 3.  "[T]he court may fine a currently indigent defendant, if it finds that he has earning capacity to pay the fine in the future." *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009).  Nunez has the "burden of proving that he [is] incapable of paying a fine" in the future.  *Id.*

Nunez has not carried this burden.  Nunez is a college graduate.  He is employed full-time as a

supervisor at his employer and hopes to be promoted to be an assistant manager. PSR ¶ 84. He also expressed a desire to return to school and earn a master's degree. *Id.* These facts support the possibility that Nunez either has the means now or will have the means to pay a fine. Accordingly, the government believes that a fine of $15,000—the bottom of the applicable fine level—should be imposed. *See* U.S.S.G. § 5E1.2(c)(3) (total offense level 20–22).

The government agrees with the remainder of Probation's recommendations.

## CONCLUSION

In full consideration of the goals of sentencing, and for the reasons stated herein, the government respectfully recommends that the Court sentence Nunez to a term of imprisonment of 37 months. The government also respectfully requests that the Court sentence Nunez to a 15-year term of supervised release; a fine of $15,000; restitution to be determined at a later date; forfeiture; and special assessments in the amount of $5,100.

DATED: February 22, 2023                     Respectfully submitted,

                                             STEPHANIE M. HINDS
                                             United States Attorney


                                             /s/
                                             KEVIN YEH
                                             Assistant United States Attorney