JODI LINKER
Federal Public Defender
ELISSE LAROUCHE
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    415.436.7700
Facsimile:     415.436.7706
Elisse_larouche@fd.org

Counsel for Defendant NUNEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARC NUNEZ,<br><br>    Defendant. | Case No. CR 21-13 CRB<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |

## BACKGROUND

Defendant Marc Nunez was before the Court for sentencing on March 1, 2023, at which time the Court continued Mr. Nunez's sentencing. The Court, sua sponte, ordered the continuance to give the government more time to consider and present any evidence regarding allegations of physical abuse that had been included in the Presentence Report ("PSR"). The government had previously stated it could not prove the allegations that supported an enhancement in the draft PSR and the government's sentencing memorandum did not address the allegations. Dkts. 80, 88. The defense objected to the allegations. Mr. Nunez is now set for a continuation of sentencing before the Court on April 26, 2023. The defense submits this memorandum to address an issue that arose at the initial sentencing hearing: whether the Court can order that information be stricken or excluded from the PSR and whether an

amended PSR can be produced without that information. The authorities cited herein make clear that the Court can do so.

## DISCUSSION

### I. This Court may strike portions of the PSR and order an amended PSR

The Ninth Circuit has held that it is permissible for a district court to strike portions of the PSR. *United States v. Burkholder*, 590 F.3d 1071, 1072 (9th Cir. 2010). In *Burkholder*, also a child pornography case, the PSR included victim impact statements attached to the PSR. *Id*. at 1073. At the outset, the district court noted that it read and considered the victim impact statements and stated its intent to strike the letters from the PSR as not particularly relevant because the letters spoke to the harm the children endured because of the actual abuse as well as knowing that other individuals continued to view the exploitive, abusive images. *Id*. at 1073, 1075-76. The defense sought to strike the letters as generic and because the defense had not been given access to them. *Id*. at 1073. The Ninth Circuit held that the district court's decision to strike the letters did not violate Federal Rule of Criminal Procedure 32 or the Crime Victims' Rights Act ("CVRA"). *Id*. at 1076. The Ninth Circuit affirmed explaining that the district court "followed the requirements of Rule 32(i)(3)(B)" by striking the statements from the PSR. *Id*. *Burkholder* also held that Rule 32 did not require that the PSR include victim impact information and that the CVRA was not violated because the victims were heard when the district court judge read and considered their letters to the court. *Id*. at 1076.

In addition to this clear Ninth Circuit precedent, district court decisions demonstrate that courts may strike portions of the PSR. *See, e.g.*, *United States v. Howard*, No. 2:20-CR-00090-TLN, 2022 WL 17542503, at *3 (E.D. Cal. Dec. 8, 2022) (granting motion to strike government's untimely informal objections to the PSR that probation relied upon for offense level adjustment and directing probation to revise the PSR to remove the adjustment and any other modifications made based on the government's objections); *United States v. Bahr*, No. 3:11-CR-00028-BR, 2014 WL 4631198, at *7 (D. Or. Sept. 15, 2014) (directing probation to redact portions of the PSR but leaving other information in the PSR).

During the prior hearing, this Court cited to Federal Rule of Criminal Procedure 32(i)(3) in explaining that it did not believe the Court could amend or strike portions of the PSR. Subsection

32(i)(3)(C) states that at sentencing, the court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Nothing about this rule prohibits a district court from amending or striking portions of the PSR. Rather, 32(i)(3)(C) provides the method by which the district court must make clear any rulings made or changes that are not otherwise apparent from the PSR. Subsection (B), immediately above, requires the court to rule on any disputed portion of the PSR or determine a ruling is unnecessary because the matter will not affect sentencing. Subsection (C) then provides the method by which to make clear to the Bureau of Prisons ("BOP") any ruling on disputed issues so that the BOP can have full information of the defendant. But again, nothing about Federal Rule of Criminal Procedure 32(i)(3), nor other sections of Rule 32, prohibit the district court from directing the probation office to strike or amend portions of the PSR.

Further, the Probation Monograph explicitly provides for court alterations to the PSR in a section entitled "Court-Ordered Amendments to the Presentence Report." Probation Monograph 107, Part D: Presentence Investigation and Report, § 410.[1] It states that, "In limited cases, the court may direct that the presentence report be changed to reflect the court's findings on contested issues, particularly if a process has not been adopted by the court to ensure that all findings-both guideline and non-guideline related-are routinely transmitted to the Bureau of Prisons (BOP) using the Statement of Reasons." *Id*. The Monograph also provides guidance to probation officers regarding how to make court-directed revisions: "If the presentence report is changed, the probation officer can handwrite the chances in the original report or revise the sections in the report resolved by the court and label the report 'Amended by Order of the Court.'" *Id*.

Accordingly, controlling case law and probation guidance make clear that district courts can strike portions of the PSR that are disputed and order amended PSRs to reflect those changes.

**II.     Disputed statements in the PSR should not be relied upon here**

Mr. Nunez objected to the inclusion of all information of the alleged sexual abuse in the PSR for the reasons set forth in detail in his sentencing memorandum. Dkt. 86 at 12-15. In addition, "when a defendant raises objections to the PSR, the district court is obligated to resolve the factual dispute, *see*

---

[1] Available at: https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-d-presentence-investigation-report.

Fed.R.Crim.P. 32(i)(3)(B), and the government bears the burden of proof to establish the factual predicate for the court's base offense level determination." *United States v. Ameline*, 409 F.3d 1073, 1085–86 (9th Cir. 2005) (citing *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir. 1990)). "The court may not simply rely on the [disputed] factual statements in the PSR." *Id*. at 1086.

Here, in the draft PSR the probation officer relied upon the allegations to include a five-level offense level enhancement. In the final PSR, the probation officer withdrew the enhancement, but continued to include the allegations of sexual abuse in the PSR and relied upon them in their high-end guideline sentencing recommendation. The substance of the allegations is still being used against Mr. Nunez to extract a higher sentence. The government should bear the burden of proof to establish the factual predicate information, despite that no offense level enhancement has been applied because the import of the allegations is so serious and material, as the Court recognized at the last hearing. Whether or not the probation office has recommended an offense level enhancement, the practical implications of the allegations in the PSR is extremely serious and to allow the allegations to be accepted without being tested for veracity or established by the government would violate Mr. Nunez's due process rights. *See United States v. Wijegoonaratna*, 922 F.3d 983, 990 (9th Cir. 2019) (holding that where a sentencing enhancement has an extremely disproportionate effect on the sentence relative to the offense of conviction, and particularly where the enhancement is based on uncharged conduct, due process may require clear and convincing evidence of that conduct) (citations and quotation omitted); *United States v. Lee*, 653 F.3d 170, 174 (2d Cir. 2011) (holding that a defendant has a due process right to reasonably contest information in the PSR that affect his sentence) (citing *United States v. Eschman*, 227 F.3d 886, 890 (7th Cir. 2000) (holding that defendants have a due process right to be sentenced on the basis of reliable information)).

## CONCLUSION

Ninth Circuit case law and probation guidance makes clear that the court can strike portions of the PSR and amend the PSR. The Court should strike the allegations of sexual abuse by Mr. Nunez and related victim impact statements for the reasons stated in Mr. Nunez's sentencing memorandum and because there has been no showing of the veracity of the allegations, which would have a particularly serious impact on Mr. Nunez.

|  |  |
|---|---|
| April 19, 2023<br>Dated | JODI LINKER<br>Federal Public Defender<br>Northern District of California |
|  |           /S<br>ELISSE LAROUCHE<br>Assistant Federal Public Defender |