**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

```
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
   VS.                         )   NO. CR 21-00013 CRB
                               )
MARC NUNEZ,                    )
                               )
          Defendant.           )
_____)
```

San Francisco, California
Wednesday, March 1, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
    STEPHANIE M. HINDS
    UNITED STATES ATTORNEY
    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
  **BY:  KEVIN YEH**
    **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:
    JODI LINKER
    FEDERAL PUBLIC DEFENDER
    450 Golden Gate Avenue
    Room 19-6884, Box 36106
  **BY:  ELISSE M. LAROUCHE**
    **ASSISTANT FEDERAL PUBLIC DEFENDER**

Also Present:    **Katrina Chu, U.S. Probation**

REPORTED BY:  Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
    CSR No. 7445, Official United States Reporter

```
 1  Wednesday - March 1, 2023                              10:00 a.m.
 2                          P R O C E E D I N G S
 3                              ---o0o---
 4           (Defendant present, out of custody.)
 5           THE CLERK:  Okay.  The next matter is U.S.A. vs. Marc
 6  Nunez.
 7           MR. YEH:  Good morning, Your Honor.  Kevin Yeh on
 8  behalf of the United States.
 9           THE COURT:  Good morning.
10           THE CLERK:  This is Criminal Action CR 21-0013.
11           MS. LAROUCHE:  Good morning, Your Honor.  Elisse
12  Larouche on behalf of Marc Nunez, who's present and out of
13  custody.
14           PROBATION OFFICER CHU:  And good morning, Your Honor.
15  Katrina Chu with U.S. Probation.
16           THE COURT:  Good morning.
17      So my clerk advised me that the Government wants to
18  continue sentencing, the hearing in this matter.
19      And do you have a reason for that?
20           MR. YEH:  Yes, Your Honor.
21      I'm very sorry to waste the Court's time, and I apologize
22  for doing this with such short notice.  But the Government
23  would like to request continuing the sentencing for 30 days so
24  that we can fulfill our obligations under the Crime Victims
25  Rights Act to contact all potential victims about the case,
```

1  which we unfortunately haven't finished doing yet.
2        We were unable to reach a stipulation with defense
3  counsel, who we informed yesterday, which is why the Court is
4  hearing about it for the first time today.
5        I don't make any excuses, but there are at least three
6  more victims that we would like to contact, and so we're hoping
7  to get an additional 30 days to complete that task.
8            **MS. LAROUCHE:** Your Honor, the Government did contact
9  us yesterday.  And not to be difficult, but we don't believe
10 it's in the -- I don't believe it's in the best interest of my
11 client to continue, so we did not agree to stipulate.
12           **THE COURT:** Okay.  Well, I thought I would take
13 two minutes and explain where I am in the sentencing process
14 because it may inform the next 30 days or whatever period of
15 time is necessary.
16       The Presentence Report contains a great deal of
17 information.  The nature of the information, for the most part,
18 has been inappropriate conduct with teenagers.  There is,
19 however, an allegation that there was inappropriate conduct
20 directed towards a child, a young child, and I have the
21 victim's statement there.  I also have defense counsel's series
22 of statements, series of arguments or statements, or whatever
23 it is, rebutting that allegation.
24       And that incident or series of incidents involving a child
25 would drastically change the sentence that the Court would

1  impose.  If I were to consider it as relevant conduct or as
2  conduct germane to a decision as to sentencing, even though it
3  may not, quote, enhance the sentence from a guideline point of
4  view, it would certainly influence in a substantial way the
5  sentence that I would impose.
6       After all, if teenagers are involved -- 17, 16, that
7  age -- in the conduct of the defendant, that would be one way I
8  would look at it.  If it involved a six-year-old or a
9  five-year-old or a seven-year-old or an eight-year-old, that is
10 to say, and I'm just using that as an example, I would give a
11 totally different sentence.  And I think every judge would, by
12 the way.  So I don't think I'm surprising anybody by that
13 declaration.
14      So I will give the Government the opportunity to present
15 whatever argument or evidence they want to which corroborates
16 the young boy's victim impact statement, which, of course, was
17 written by the parents.
18      And not for a moment am I suggesting that this child
19 wasn't victimized in a totally terrible way.  The question is,
20 is the defendant respon- -- is he the person who did it.  And
21 the defense has come in and, quite credibly, raised questions
22 as to that statement.
23      So that's what's of concern to the Court.  I don't know
24 how else to put it.  I mean, it's not just lining up more
25 people or any of that.  I understand what has been uncovered by

1  the police report and -- pardon me -- the Probation Report.
2      I also think it's not really an issue -- a couple of
3  things are not an issue.  One, it's not an issue as to the
4  number of images because four circuits have held that even if
5  it's duplicative images, it counts, each image counts.  And
6  that's the position of the United States Sentencing Commission,
7  and that's the position of the Sentencing Guidelines as well in
8  the application note.  So we're over 300, any way you look --
9  I think it's -- is it over 300?
10             **MS. LAROUCHE:**  Yes, Your Honor.
11             **MR. YEH:**  Yes.
12             **THE COURT:**  We're over 300 any way you look at it.
13      The issue as to whether or not a particular person in a
14  particular video which showed only a portion of that person is
15  a minor or is not a minor is something I don't have to decide.
16  I accept the Government's presentation of that.  It was
17  verified by the Probation Department.  But it's not going to be
18  material to the sentencing.  Okay?
19             **MS. LAROUCHE:**  Understood, Your Honor.
20             **THE COURT:**  All right.  So don't waste your time on
21  that.
22      I turn to the defense.  Don't waste -- no, no.
23      Again, to the prosecution.  The prosecution makes the
24  argument, in the special assessment of $5,000, that it doesn't
25  make any difference that he's indigent.  Is that the argument?

1          **MR. YEH:**  No, Your Honor.  We just believe that the
2   defendant either currently has the ability to pay or will upon
3   release from any term of imprisonment.
4          **THE COURT:**  Well, so does -- everybody has the --
5   anybody released from imprisonment.
6       By the way, that's not what the statute says.  You better
7   read the statute.  I read it for the first time this morning.
8   I read it wrong, and then I reread it, thanks to my law clerk.
9       But the difference between a special assessment of -- the
10  typical $100 special assessment and this, I think, is for the
11  special assessment of $100, it applies to everybody.  This
12  applies to non-indigent.  So that's a big distinction.
13      I think he is indigent, and I'm not going to -- so my
14  inclination is not to impose that, given his financial
15  situation.
16      But I think that's all by the by.  I think the big
17  issue -- and believe me, it's an important issue for this
18  defendant and for the integrity of the sentencing process.
19  It's a big issue to figure out what, if anything -- what has
20  happened in the past, because that's the conduct that I have to
21  sentence on and there are two very, very different types of
22  sentencing that would be imposed.
23      Okay.
24          **MS. LAROUCHE:**  Your Honor.
25          **THE COURT:**  Let me answer your questions.  I wanted to

1  sort of talk about this --
2          **MS. LAROUCHE:**  Okay.
3          **THE COURT:**  -- so you see where I'm coming from.
4      By the way, I have to tell you, even if the Government
5  hadn't requested a continuance, I would have given one.
6          **MS. LAROUCHE:**  Well, Your Honor, I just want to pause
7  for a moment just so that -- make sure we're all on the same
8  page, that the Government has taken the position that they
9  couldn't prove those allegations and wouldn't be putting on a
10 presentation of such --
11         **THE COURT:**  They can -- I'm giving them the
12 opportunity.
13     Here is the problem.  The question really is:  Is there
14 evidence, is there evidence of a type, since it's in dispute,
15 that would satisfy the requirements of, well, 6A1.3 and
16 Rule 32, Rule 32(i)(3)(B) and (C).  So there's a whole
17 mechanism.  You see, I can't strike it.
18     I think what I've been doing is wrong up to now, which is
19 I've asked the Probation Department to amend their report to
20 take out this and take out that.  I don't know that I can do
21 that.  They have an obligation; they have a legal obligation to
22 present evidence, to present information to me that may impact
23 sentencing.  That's their obligation.
24     If I disagree with it, if I don't want to consider it for
25 the very reasons that you gave, I have to leave it in the

```
 1  Probation Report but append to the J&C my views as to why I'm
 2  not considering it for sentencing purposes.
 3       You see, I think this is a perfect example, a perfect
 4  example of what I would have to do.  So I don't want to walk
 5  into it and blindside any lawyer.  I want them to see what's
 6  going on in my mind so that they come back and they say,
 7  well -- they may come back and they say:  You've raised, like,
 8  ten different issues of why you think it's not -- why you think
 9  it's not your client.
10       Let's leave it at that.  Okay?
11           MS. LAROUCHE:  Yes.
12           THE COURT:  And to me, they're powerful reasons.
13  They're powerful reasons.
14       So I want to give the Government the opportunity to look
15  at those reasons.  I know they've had an opportunity to look at
16  the reasons, but to say what they want to say about them.
17       Now, they may very well come back and say, "We're
18  submitted; we're not going to argue that."
19       Okay?  But you see, that makes the whole difference in
20  sentencing.  Now, you can argue to me it shouldn't; but the
21  problem really is this:  The Sentencing Guidelines for child
22  pornography are the least -- the second-least-followed
23  Sentencing Guidelines by federal judges.
24       And I have to do a couple of things.  One thing I have to
25  do correctly is do the right math on the Sentencing Guidelines.
```

1  But then where I come out in terms of variance is enormously
2  significant.  And let me just go on a bit about that.
3     The normal child pornography case that I have seen brought
4  by the U.S. Attorney's Office involves children.  And I don't
5  mean children -- anybody under 18.  I mean children who are
6  from one year old to ten years old and then sometimes
7  teenagers.  But this seemed to be a case of almost all,
8  I think, teenagers.
9     Now, I'm not saying it's not a crime, but I'm saying it's
10 a very different crime from all of the images that I've seen,
11 unfortunately, over 25 years where there have been horrendous
12 photographs of abuse of infants.  Of infants.
13    Well, I mean, you see that, and you have a -- as a human
14 being, you have a reaction a particular way, which is different
15 from the reaction that you would get if somebody is 17 years
16 old and maybe even lies about his age, or 18 and lies about his
17 age, of which this is replete, the Sentencing Memoranda.
18    So everybody got a picture now?  Is it clear on all sides
19 what I'm interested in?  Any issues?
20         **MR. YEH:**  Crystal clear, Your Honor.
21         **THE COURT:**  Ms. Larouche?
22         **MS. LAROUCHE:**  Your Honor, we understand -- definitely
23 agree that the allegations drastically change what would happen
24 here, and that's why we made such a full fund effort to show
25 the issues with them.  So that's understood, Your Honor.

1      I would ask for leave to file supplemental briefing.
2             **THE COURT:**  Granted.
3             **MS. LAROUCHE:**  Thank you.  Particularly to the issue
4   of whether this information should stay in the PSR,
5   understanding what Your Honor has laid out.
6             **THE COURT:**  Granted.  Granted.  You can say anything
7   you want to.
8             **MS. LAROUCHE:**  Thank you.
9             **THE COURT:**  I'm not limiting you in any way.
10            **MS. LAROUCHE:**  Thank you.
11            **THE COURT:**  Okay.
12            **THE CLERK:**  The next hearing date, April 19th at
13  10:30.
14            **MR. YEH:**  That's fine.  Thank you.
15            **THE COURT:**  Okay.  Thank you.
16            **MS. LAROUCHE:**  Sorry, Lashanda.  Just one moment.
17     What was that?
18            **THE CLERK:**  April 19 at 10:30.
19            **MS. LAROUCHE:**  Okay.  Thank you very much.
20            **THE CLERK:**  Okay.
21            **MR. YEH:**  Thank you, Your Honor.
22            **PROBATION OFFICER CHU:**  Thank you.
23            **THE COURT:**  Thank you.
24     Thank the Probation Department too.
25            **PROBATION OFFICER CHU:**  Thank you.

1   **THE COURT:**  Very, very careful report.

2   (Proceedings adjourned at 10:16 a.m.)

3   ---o0o---

5   **CERTIFICATE OF REPORTER**

6   I certify that the foregoing is a correct transcript
7   from the record of proceedings in the above-entitled matter.

9   DATE:  Monday, March 13, 2023

*Ana Dub*

_____

14   Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
     CSR No. 7445, Official United States Reporter